## Mobley *et al. v.* Lonbat.

An attachment was taken out against two members of a firm, a third not being sued, and persons summoned as garnishees, who answered and admitted indebtedness to the firm generally, but it did not appear what was the respective share of each partner. Held, that a judgment against the garnishees was erroneous, inasmuch as it adjudicated the rights of a partner who was not a party to the proceedings.

IN ERROR from the circuit court of the county of Adams.

A. Lonbat sued out an attachment, returnable into the circuit court of Adams county, against William Depew and Kelsey Hazen, in which the plaintiffs in error, Mobley & Co., were summoned as garnishees. The declaration was against William Depew and Kelsey Hazen, late transacting business with another person, not sued, under the style of Depew, Hazen & Co., and the note sued on was described as having been executed in the name of Depew, Hazen & Co. At the term to which the attachment was returnable the cause was continued, and the usual order of publication made; at the succeeding term, publication having been made, and the defendants having failed to appear and plead, judgment by default final was entered against them. Two of the firm of Mobley & Co. filed their answers as garnishees, and admitted that their firm was indebted to Depew, Hazen & Co. of which firm the defendants were partners, in the sum of two thousand six hundred and seventy-eight dollars, fifty-six cents, and submitted to the judgment of the court. The court below gave judgment against them for the sum of fifteen hundred and seventy dollars, the amount of the claim of the plaintiff against Depew and Hazen; to reverse which judgment this writ of error is brought by Mobley & Co.

HEWETT for plaintiff in error.

The debt due to the firm of Depew, Hazen & Co. as appears from the answers of the garnishees to have been the case, could not be applied to the satisfaction of a judgment obtained, as was the case here, against another firm—that of Depew & Hazen. 16 John. R. 102–109.

Though a debt may be due *to* a partnership, it is not a necessary consequence that such debt is effects or credits of either of the individual members of the firm to whom it is due.  Partnership effects can only be subjected to the payment of debts due by any one of the members of the said firm, or more than one of such members, where that firm is solvent, and the party whose debt is sought to be paid out of the partnership effects is not indebted to the firm of which he or they may be members.  See Fisk *et al. v.* Herrick and Trustee, 6 Mass. R. 271;  Pierce *v.* Jackson, ibid. 242; Upham *et al. v.* Naylor *et al.* 9 Mass R. 490.

W. G. THOMPSON for defendant.

Mr. Justice CLAYTON stated the case and delivered the opinion of the court.

Upon the state of facts, the question arises whether the judgment against the garnishees be correct or not.  Two only of the firm of Depew, Hazen & Co. are sued.  At common law, and previous to our act of 1836, the suit must have been joint.  By that statute, all or any number of the partners may be sued upon a contract in writing.  How. & Hut. 595, sec. 30.

The effect of a suit against one partner for his separate debt, is well settled at common law; nothing can be subjected to the judgment but *his* interest in the partnership effects.  2 Lord Raymond, 871;  Coll. on Part. 474;  2 John. 282.

If a part only of a firm are sued, under the act of 1836, for a partnership debt, the judgment can have little other effect upon their interest in the partnership funds than it would have for a separate debt.  By electing to sever in his proceedings against the partners, the plaintiff must be held to have elected to proceed against them separately after judgment as well as before.  To hold otherwise would subject the property of persons to a judg-

ment who are not parties to it, and in no way bound by it. In a judgment against one partner for his separate debt, his interest in the partnership effects may be sold by execution at law, though that has been much questioned. But the sheriff can only sell the actual interest of such partner in the partnership property after the accounts are settled, or subject to the partnership debts. Nicoll *v.* Mumford, 4 John. Ch. Rep. 525; Moody *v.* Payne, 2 John. Ch. Rep. 548.

The purchaser takes it in the same manner the debtor held it, and subject to the rights of the other partners. Cowper, 451; Waddell *v.* Cook, 2 Hill, 47; Philips *v.* Cook, 24 Wend. *377*

The only difference between a judgment against one partner, for his separate debt, and for a partnership debt, under our statute, would perhaps be, that, upon a sale under the latter judgment, the purchaser might take the interest discharged from all other partnership debts. The doctrine of the preference of partnership creditors, in the application of partnership funds and property, belongs, however, exclusively to a court of equity. 2 Hill, *ut supra;* 2 Blackford, 55; Coll. on Part. 478.

A judgment cannot properly be rendered against any member of a firm upon whom there has been no service of process. Pittman & Gwin *v.* Planters' Bank, 1 How. 527.

From these principles it follows that, as the garnishees in their answer have admitted an indebtedness to Depew, Hazen & Co., and as it appears, from the declaration itself, that firm consisted of at least three members, it would not be proper to render a judgment against them in a case against Depew & Hazen alone, unless the precise amount due by them to those two was ascertained. To do so would be to subject the interest of the third partner, without judgment against him. An attachment operates as an assignment in law of the choses in action of the debtor to the attaching creditor. Oldham *v.* Ledbetter, 1 How. 48.

In this case, the legal assignment to Lonbat, the plaintiff, is only of the interest of Depew & Hazen, as contra-distinguished from the interest of the third partner.

If there was any evidence in the record to show the respective proportions of interest held by the different members of the firm of Depew, Hazen & Co. the plaintiff would be entitled to a judg-

Mobley *et al. v.* Lonbat.

ment against the garnishees for the amount due to Depew & Hazen.    But there is no proof on the subject, and if the court were to render a judgment, it would be founded on mere conjecture. This is utterly at war with the certainty required in judicial proceedings.    The case of Berry *v.* Anderson, 2 How. 652, illustrates this.

The judgment against the garnishees cannot, therefore, be sustained, because it does not appear in what sum they were indebted to the defendants of record.

Judgment reversed and cause remanded.